# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**UNITED STATES OF AMERICA**

v.  Case No.: 8:19-CR-488-T-36JSS

**EDWIN RAMON MARCANO MORALES**

_____/

## SENTENCING MEMORANDUM

Defendant, Edwin Ramon Marcano Morales, by and through his undersigned counsel, and pursuant to 18 U.S.C. § 3553(a), hereby files this memorandum and requests a departure and a variance from the advisory guideline range.

I. <u>Statement of the Case and Outline of the Argument</u>

On January 8, 2021, this Court accepted Mr. Marcano-Morales' guilty plea to Count One of the Indictment, which charges Mr. Marcano-Morales and his co-conspirators with conspiring to possess with the intent to distribute 5 kilograms or more of cocaine, in violation of 21 U.S.C. §§960(b)(1)(B)(ii) and 46 U.S.C. §§7053(a) and §§7056(a) and (b). (Dkt. 201).

United States Probation calculates Mr. Marcano-Morales' advisory guideline range at base level 33, criminal history I, 135 - 168 months. (Dkt. 227, PSR ¶64). The United States has indicated that it is considering filing a §5K1.1 motion for substantial assistance. If the USA asks for a two level reduction, the advisory guideline becomes level 30, criminal history one, 108-135 months. Upon filing a section 5K1.1 motion, the ten-year minimum mandatory does not apply. In addition, as stated below, Mr. Marcano-Morales argues that he is entitled an additional two level reduction for a minor role participant pursuant to U.S.S.G § 3B1.2(b)(2). If applied, his advisory guideline range is then level 28, criminal history one, 78-97 months.

Further, Mr. Marcano-Morales argues that he should receive a variance from the advisory guideline range based on the Section 3553 factors, namely his personal history and characteristics. Accordingly, we ask this Court to sentence Mr. Marcano-Morales to sixty (60) months in the federal bureau of prisons.

II. <u>Sentencing Guidelines Are Advisory</u>

After <u>United States v. Booker</u>, 543 U.S. 2209, 125 S. Ct. 738 (2005), sentencing requires a two-step process. The procedure was further clarified in <u>Gall v. United States</u>, 522 U.S. 38, 128 S. Ct. (2007). First, the district court must consult the United States Sentencing Guidelines and correctly calculate the sentencing range provided by the Guidelines. <u>United States v. Livesy</u>, 525 F.3d

United States Probation calculates Mr. Marcano-Morales' advisory guideline range at base level 33, criminal history I, 135 - 168 months. (Dkt. 227, PSR ¶64). The United States has indicated that it is considering filing a §5K1.1 motion for substantial assistance. If the USA asks for a two level reduction, the advisory guideline becomes level 30, criminal history one, 108-135 months. Upon filing a section 5K1.1 motion, the ten-year minimum mandatory does not apply. In addition, as stated below, Mr. Marcano-Morales argues that he is entitled an additional two level reduction for a minor role participant pursuant to U.S.S.G § 3B1.2(b)(2). If applied, his advisory guideline range is then level 28, criminal history one, 78-97 months.

Further, Mr. Marcano-Morales argues that he should receive a variance from the advisory guideline range based on the Section 3553 factors, namely his personal history and characteristics. Accordingly, we ask this Court to sentence Mr. Marcano-Morales to sixty (60) months in the federal bureau of prisons.

II. <u>Sentencing Guidelines Are Advisory</u>

After <u>United States v. Booker</u>, 543 U.S. 2209, 125 S. Ct. 738 (2005), sentencing requires a two-step process. The procedure was further clarified in <u>Gall v. United States</u>, 522 U.S. 38, 128 S. Ct. (2007). First, the district court must consult the United States Sentencing Guidelines and correctly calculate the sentencing range provided by the Guidelines. <u>United States v. Livesy</u>, 525 F.3d

1081, 1089 (11th Cir. 2008). Second, the district court must consider the factors outlined in 18 U.S.C. § 3553(a) to determine a reasonable sentence for the individualized case. Id. Moreover, as Gall makes clear, the sentencing court "must make an individual assessment based on the facts presented." Gall, 522 U.S. at 50.

The Eleventh Circuit has held that district courts have wide discretion in sentencing after Booker. United States v. Williams, 435 F.3d 1350, 1356 (11th Cir. 2006). In Williams, the Eleventh Circuit affirmed the district court's sentence of 90 months imprisonment based on the district court's application of the § 3553(a) factors, even though the applicable guideline range was 188 to 235 months imprisonment. Id. at 1354. In affirming the sentence, the Eleventh Circuit noted that the district court had "disagreed with the 'mechanistic application' of the Guidelines in [the defendant's] case." Id. at 1355. The district court specifically stated that "there are occasions when the guidelines simply produce an unjust result." Id. at 1352. Based on the facts of the case before this Court, a guideline sentence in this case would be an unjust result.

### III. A Minor Role Departure Applies

The Guidelines provide for a downward adjustment for two levels based on a defendant's mitigating role in and offense. U.S.S.G § 3B1.2(b)(2). A two-level reduction for a minor role is appropriate for a defendant "who is less culpable than

most other participants, but whose role could not be described as minimal." U.S.S.G § 3B1.2(b) cmt. n. 5.

In <u>United States v. DeVaron</u>, 175 F.3d 930, 940 (11th Cir. 1999)(*en banc*), the Eleventh Circuit established a two-part test to determine whether a mitigating role was appropriate. One, "the defendant's role in the relevant conduct for which he has been held accountable at sentencing, and (2) the defendant's role as compared to the role of other participants in his relevant conduct." <u>United States v. Galindo-Perez</u>, 322 Fed.Appx. 743, 745 (11th Cir. 2009).

Mr. Marcano-Morales was clearly a minor player in the overall conspiracy, for he had no knowledge of the breadth and scope the drug activity. He was one of only two crewmembers. He was not responsible for purchasing the drugs from the supplier. Mr. Marcano-Morales has no knowledge of the supplier. He has no knowledge where the drugs were manufactured. He was not responsible for finding the purchaser. He was not responsible for negotiating a price. He was not responsible for making the decision about where the drugs would be shipped, and had no idea where the *Zumaque Tracer* was even headed. Mr. Morales did not load the cocaine and never even saw the cocaine. Accordingly, based on the facts of the case and the law of this circuit, Mr. Marcano-Morales is entitled to a two level reduction pursuant to U.S.S.G § 3B1.2(b)(2).

IV.   Application of the 18 U.S.C. § 3553(a) Factors

Based on the section 3553(a) factors, this Court should vary from the advisory guideline range.   Under Section 3553, "[t]he court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection."  Paragraph 2 states that the court shall consider a number of factors as outlined below.

A. The Nature and Circumstances of the Offense

As this Court has seen far too often, Mr. Marcano-Morales is just a minor player in a massive drug trade.  His job in this case was to act as a crewmember on a large vessel carrying cocaine.  He did not load the cocaine, never saw the cocaine, did not know where the cocaine was going or who the cocaine belonged to.  He was aware of his role and is sorry for his part in it, but he is a poor fisherman struggling to feed his family.  Mr. Marcano-Morales was completely and immediately cooperative with law enforcement.  Dkt. 214, PSR §17.  Since the United States Coast Guard boarded the vessel, Mr. Morales has taken, complete and full responsibility for his actions.

B. Mr. Morales' Personal History

The "history and characteristics of the defendant" are also among the first factors that a court is instructed to consider in sentencing.  See 18 U.S.C. §

3553(a)(1). Mr. Marcano-Morales had an impoverish childhood. His parents divorced when he was very young and the family struggled to make ends meet.

While incarcerated for this case, both of his parents died. Mr. Marcano-Morales has four children, whom he is very close with. Also, while in custody for this case, Mr. Marcano-Morales' 19-year-old son was shot and killed by the Venezuelan police, apparently in a case of mistaken identity. The deaths of both of his parents and his son while incarcerated in the United States has been exceedingly difficult for Mr. Marcano-Morales, but he understands and accepts his circumstances and knows that it was his actions and his actions alone that led him to where he is today – standing for sentencing before this Court.

While in prison, he wants to learn English and to become a boat mechanic so he will have a more stable source of income for him and his family in the future.

### C. Adequate Deterrence to Criminal Conduct

Mr. Marcano-Morales has never been in trouble and never been to the United States. He is scared and does not know what his future holds. A long-term guideline prison sentence is not necessary to adequately deter Mr. Marcano-Morales from committing this crime again.

### D. Protect the Public from Further Crimes

The public does not need protection from Mr. Marcano-Morales. In a desperate need to take care of his family, he agreed to act as a crew member

onboard a vessel carrying cocaine for unknown powerful drug dealers. This Court need not fashion a long-term prison sentence with an eye to protecting the public from Mr. Marcano-Morales.

V. Conclusion

Mr. Marcano-Morales is a young man, who made a mistake. When faced with crushing poverty, he sought easy money. He knows this was wrong and will pay heavily for his crime. He has already missed the funerals of both of his parents and his 19-year-old son while incarcerated. Accordingly, Mr. Marcano-Morales requests that the Court consider the information outlined in this memorandum in determining his sentence and sentence him to sixty (60) months in the bureau of prisons.

I HEREBY CERTIFY that a copy of the foregoing notice has been furnished by electronic filing using the CM/ECF system to the United States Attorney's Office, this 16th day of March 2021.

Respectfully submitted,

s/William Sansone

WILLIAM SANSONE, ESQUIRE
Sansone Law, P.A.
609 West De Leon Street
Tampa, FL 33606
Telephone: (813) 361-0874
Facsimile: (813) 251-1808

Email: [sansonew@gmail.com](mailto:sansonew@gmail.com)

Florida Bar # 781231